————————⊶O————————

No. 6202.

## MR. AND MRS. PERCY JACOBSON vs. JOSEPH MERMILLION.

### Syllabus.

The manner in which the parties have acted under their contract is better indication of their common intent than their subsequent and conflicting testimony in relation thereto.

Appeal from the Civil District 'Court, Parish of Orleans, Division ''B,'' No. 104,464. Honorable F. D. King, Judge.

A. D. Danziger, for plaintiff and appellant.

Woodville & Woodville, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

— 72 —

Plaintiffs own the property known by the municipal numbers 626 and 628 South Rampart Street, consisting of a store on the ground floor and two rooms in the rear thereof bearing the number 626, and of a hallway bearing the number 628, disconnected with the store and containing a stairway leading to rooms on the second floor. The rooms on the second floor have been occupied by them for nine years or more.

One Ward leased the store and two rooms on the ground floor and after him defendant took possession thereof and occupied the same under a lease from plaintiff of "the store and dwelling No. 626 S. Rampart St.," paying the rent regularly. At the end of six months defendant renewed the lease, and again paid his rent regularly for six months, when he moved out under the pretense that his lease covered the whole building and the upper portion had never been delivered to him.

We are at a loss to understand upon what theory defendant claims the right to any thing more than he possessed. If we confine ourselves to the lease as being clear and unambiguous, a store and dwelling at No. 626 South Rampart Street does not include a hallway at No. 628 South Rampart Street, entirely cut off from the store and leading to rooms on an upper floor evidently intended as a separate tenement.

If we look beyond the words of the lease and seek the intention of the parties, the fact that plaintiffs remained in possession of the upper floor, that Ward did not complain, and that defendant renewed the lease knowing exactly how conditions were, is far more eloquent of the common intent than the uncorroborated testimony of defendant flatly contradicted by plaintiff.

The manner in which the parties have acted under their contract is better indicative of their common intent, than their subsequent and conflicting testimony in relation thereto.

**C. C., 1956.**

It is therefore ordered that the judgment appealed from be reversed and it is now ordered that the plaintiffs, Mr. and Mrs. Percy Jacobson, have judgment against the defendant, Joseph Mermillion, in the full sum of one hundred and fifty dollars with legal interest thereon from May 1st, 1913, and ten per cent attorney's fees, and for the further sum of twenty-five dollars with legal interest from this date and costs of both Courts.

Judgment reversed.

Opinion and decree, November 23rd, 1914.

Rehearing refused, December 7th, 1914.

Writ denied, January 13, 1915.